Carlito TABORA, M.D., Plaintiff,

v.

GOTTLIEB MEMORIAL HOSPITAL and Fedele Morelli, M.D., Defendants.

No. 92 C 8179.

United States District Court,
N.D. Illinois,
Eastern Division.

March 31, 1995.

Laurie J. Wasserman, Law Offices of Laurie J. Wasserman, Skokie, IL, Bruce A. Coane, Coane and Associates, Houston, TX, for plaintiff.

David Brian Ritter, Michael F. Rosenblum, Angela K. Dorn, Mayer, Brown & Platt, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Dr. Carlito Tabora, M.D., an anesthesiologist, was on the staff of Gottlieb Hospital in Chicago for 17 years. In 1990, his staff privileges were revoked. He sued, alleging that the reason for the revocation was discrimination against him on the basis of his race (Asian) and national origin (Filipino). Following discovery, defendants moved for summary judgment. Magistrate Judge Rebecca Pallmeyer recommended that the motion be denied as to Gottlieb and granted as to the individual defendant, Dr. Morelli. I have considered the objections raised by de-

fendants and by plaintiff, who objects to dismissal of Dr. Morelli. The objections raised by defendants are overruled.[1] However, I agree with plaintiff that an individual may be subject to liability under Title VII of the 1964 Civil Rights Act, 42 U.S.C. sec. 2000e et seq.

Defendants argue that Judge Pallmeyer was incorrect in concluding that Dr. Tabora is entitled to the protection of Title VII since he is not, according to defendants, an employee of Gottlieb Hospital. As defendants argue, Dr. Tabora, like many physicians, is not an employee in a traditional sense. Gottlieb does not pay him a salary, vacation pay, or insurance benefits, nor did it pay social security or employment taxes on his behalf. Dr. Tabora's income came directly from his patients, whom he billed. On the other hand, Dr. Tabora testified that he was assigned to surgeons, operating rooms, and patients by the hospital. The hospital was also responsible for operating rooms and all equipment and supplies used by him. Furthermore, the hospital prepared daily and monthly call schedules for anesthesiologists.

■ Under these circumstances the Seventh Circuit has held that doctors may sue under Title VII. In *Doe v. St. Joseph's Hospital*, 788 F.2d 411 (7th Cir.1986), the court, relying on *Sibley Memorial Hospital v. Wilson*, 488 F.2d 1338 (D.C.Cir.1973), held that a physician could state a claim against a hospital despite the absence of a traditional employment relationship. Defendants note that *Doe* was decided on a motion to dismiss (which the court in that case emphasized) whereas the present motion arises after discovery on a motion for summary judgment. Unless the Seventh Circuit were to overrule *Doe*, however, it is clear that it controls. The court emphasized that the issue is control over access to employment relationships with patients, and that Title VII allows aggrieved persons (not necessarily limited to employees) to sue "any party who significantly affects access of any individual to employment opportunities, regardless whether that party may technically be described as an 'employer' of an aggrieved individual as that term has generally been defined at common law." *Id.* at 424, quoting from *Spirt v. Teachers Insurance & Annuity Association*, 691 F.2d 1054, 1063 (2d Cir.1982). The issue left open in *Doe* was whether defendant in that case would be shown to have the degree of control that would effectively interfere with plaintiff's employment opportunities. *Doe*, however, was a general practitioner and not an anesthesiologist. Presumably, she was free to establish her own relationships with patients. Dr. Tabora has no such opportunity. Accordingly, since defendants have not shown as a matter of law that their control over Dr. Tabora did not significantly affect his access to employment opportunities, I agree that they are not entitled to summary judgment on this issue.[2]

■ Dr. Tabora argues that Judge Pallmeyer incorrectly held that Dr. Morelli, the medical director at Gottlieb, should be dismissed on the ground that an individual could not be liable as an employer under Title VII. I agree. First, as Dr. Tabora argues, defendants raised the argument in a footnote to their memorandum in support of summary judgment. A footnote assertion is not a valid motion. The reason for requiring a party to state the grounds upon which they seek the court's ruling is illustrated by this case. Since defendants had simply mentioned that Dr. Morelli should be dismissed in passing in a footnote, Dr. Tabora did not respond. Yet Judge Pallmeyer relied on the failure to respond as the principal reason for dismissing him.

In addition, apart from the procedural irregularity in seeking dismissal by way of a footnote, the Seventh Circuit has upheld a

1. I discussed and gave my reasons for overruling most of these at a status hearing in this case on March 30, 1995.

2. Defendants do argue that he could go to any other hospital and offer his services as an anesthesiologist. However, there is evidence in the record that the hospital prepared daily and monthly call schedules for anesthesiologists on staff, including Dr. Tabora. The amount of freedom he would have had to offer his services elsewhere is therefore disputed. It is also not clear under *Doe* that the fact he could go someplace else and become a staff anesthesiologist is the equivalent of being able to develop an independent relationship with patients.

finding of personal liability against a supervisor in a Title VII case, although without discussing the question. *Gaddy v. Abex Corp.*, 884 F.2d 312, 318–19 (7th Cir.1989). At least two judges in this district have agreed that the statutory language of Title VII supports a claim against an individual. In *Cassano v. DeSoto, Inc.*, 860 F.Supp. 537 (N.D.Ill.1994), Judge Shadur noted that the language in question really makes no sense unless it is read literally. The applicable language is in Section 2000e(b), which defines "employer" to include "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person. . . ." As Judge Shadur concluded, there would seem to have been no reason for Congress to have included the latter language if it merely intended that an employer would be liable for the discriminatory acts of its employees, and if for some reason it did intend merely to state the obvious, it would more likely have done so directly, rather than defining employees as agents. *See also Vakharia v. Swedish Covenant Hospital*, 824 F.Supp. 769, 785 (N.D.Ill.1993), in which Judge Moran concluded that under Title VII individual decision makers can be found liable for their individual acts as opposed to acts done under institutional policy. Judge Moran disagreed with those courts holding that under Title VII prior to the 1991 amendments the usual back-pay remedy would generally be provided by a non-individual employer, and therefore the definition of employer must exclude individuals, noting that Title VII has an additional purpose in preventing and remedying future discrimination, which could well call for remedies against an individual defendant. He also noted that if a defendant company becomes insolvent, an individual defendant might still be able to pay an award of back pay.

I agree with both of these courts. Not only are there instances in which individual liability makes sense from the point of view of remedy, but the applicable language clearly defines employer to include an employer's agent. Accordingly, Dr. Morelli will not be dismissed at this stage of this case.